UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LAW OFFICES OF ADAM DAYAN, PLLC,
individually and on behalf of A.B., parent of Y.B.

COMPLAINT

     *Plaintiffs,*

   - against -

Case No. 1:16-cv-05435

New York City Department of Education

     *Defendant.*

---

The Law Offices of Adam Dayan, PLLC, individually and on behalf of A.B., the parent of a child with a disability, for their complaint hereby allege:

1. This is an action brought pursuant to the fee shifting provisions of the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §1415(i)(3).

2. At all times relevant to this action, Plaintiff A.B. and his son Y.B. resided within the territorial jurisdiction of the defendant New York City Department of Education ("Defendant" or "Department").

3. Plaintiff A.B. is the parent of a child with a disability as defined by IDEA, 20 U.S.C. §1401(3)(A).

4. Defendant is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes,

regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. §1400 *et seq.* and the regulations promulgated thereunder.

## JURISDICTION AND VENUE

5. Jurisdiction is predicated upon 28 U.S.C. §1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. §1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

6. Venue is predicated upon 28 U.S.C. §1391(b)(1) based upon the residence of the defendant, and upon 28 U.S.C. §1391(b)(2) based upon the location of the subject matter of this action.

## FACTUAL BACKGROUND AND EXHAUSTION OF ADMINISTRATIVE PROCESS

7. By letter dated October 13, 2014, Plaintiff J.S. demanded a due process hearing on behalf of G.S. pursuant to 20 U.S.C. §1415(f)(1).

8. Plaintiff J.S. sought funding for the costs of tuition for the parental placement of her daughter G.S. at Gesher Yehuda for the 2014-2015 school year, reimbursement for an independent education evaluation ("IEE") completed by Dr. Jennifer Oratio, and funding for the child's transportation expenses to and from Gesher Yehuda for the 2014-2015 school year.

9. Impartial Hearing Officer ("IHO") John Farago was assigned to the case.

10. The parties were unable to resolve the matter by settlement.

11. An impartial hearing was conducted. Testimony was taken on January 29 and February 5, 2015.

12. Following the close of hearing and the submission of briefs, the IHO issued a decision ("IHO Decision") dated June 25, 2015.

13. The IHO denied funding for Gesher Yehuda but found that the parent was entitled to transportation to the unilateral placement and ordered reimbursement for out-of-pocket transportation costs. The IHO also ordered that subsequent IEP's should consider whether to provide this student with a 1:1 paraprofessional to assist in refocusing and other management needs, as well as for transitional purposes.

14. Plaintiff appealed the IHO Decision, in part, by filing an appeal with the State Review Officer ("SRO") dated July 30, 2015.

15. The SRO sustained the appeal, in part, and ordered that the IHO Decision be modified by reversing that portion that denied the parent's request for reimbursement for the IEE.

16. Neither party appealed the decision of the SRO. Thus, the decision is final.

17. Plaintiff is a prevailing party by virtue of the SRO's decision.

**FIRST CAUSE OF ACTION**

18. Plaintiff repeats and realleges paragraphs 1 through 17 as if more fully set forth herein.

19. Plaintiff J.S. has assigned to Plaintiff Law Offices of Adam Dayan, PLLC, the right to attorney fees that arises from having prevailed in the administrative proceedings.

20. Plaintiff Law Offices of Adam Dayan, PLLC, has submitted to the Department a request for payment for services rendered ("attorney fee claim").

21. Plaintiff Law Offices of Adam Dayan, PLLC, has attempted, without success, to resolve the attorney fee claim.

22. Plaintiff Law Offices of Adam Dayan, PLLC, hereby demands reasonable attorney fees and expenses pursuant to 20 U.S.C. §1415(i)(3) for services rendered on the above noted administrative proceedings.

23. Defendant has not satisfied its obligation to pay attorney fees in a timely fashion. Thus, Plaintiff demands prejudgment interest.

**SECOND CAUSE OF ACTION**

24. Plaintiff repeats and realleges paragraphs 1 through 23 as if more fully set forth herein.

25. Plaintiff Law Offices of Adam Dayan, PLLC, hereby demands reasonable attorney fees and expenses for services rendered on this action.

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Assume jurisdiction over this action;

(2) Award to the Plaintiff Law Offices of Adam Dayan, PLLC, costs, expenses, and attorney fees together with prejudgment interest for the administrative proceedings pursuant to 20 U.S.C. §1415;

(3) Award to Plaintiff Law Offices of Adam Dayan, PLLC, the costs, expenses, and attorney fees of this action pursuant to 20 U.S.C. §1415; and

(4) Grant such other and further relief as the Court deems just and proper.

Dated: July 7, 2016
     New York, New York

Respectfully,

Adam Dayan, Esq. (AD 5445)
*Attorney for Plaintiffs*
Law Offices of Adam Dayan PLLC
100 Church Street 8th Floor
New York, New York 10007
Phone: (646) 845-7462
Facsimile: (646) 845-7472
adayan@dayanlawfirm.com